## SUSAN M. CRAWFORD v. WILLIAM H. OSMUN.

[See 70 Mich. 561; 90 Id. 77, 82.]

*Tender—Interest.*

Upon the facts stated in the opinion, the Court find that the tender made by complainant to defendant's son was sufficient to relieve her from the payment of interest on the amount due the defendant after such tender was made.

Appeal from Shiawassee. (Newton, J.) Argued January 12, 1893. Decided February 3, 1893.

Complainant appeals from an order of the court below, denying her application for leave to record the decree herein upon the ground of a tender having been made of the amount due defendant thereunder. Reversed, and order entered in this Court for complainant. The facts are stated in the opinion.

*E. S. Crawford,* for complainant.

*Aug. C. Baldwin,* for defendant.

McGRATH, J. This cause is before this Court for the fourth time. 70 Mich. 561; 90 Id. 77, 82.

Complainant asks for an order authorizing the recording of the decree made and entered in this Court, claiming that the sum of $530.37, named in the order of this Court entered May 13, 1892, has been paid to defendant; that the balance payable to defendant, under the decree of this Court to which the aforesaid order was amendatory, was, on the 22d day of March, 1892, the sum of $7,467.79; and that the said sum was, on said last-named' date, tendered to the defendant A controversy has arisen concerning this alleged tender.

It is sufficient to say that, while we find that no tender was actually made to the defendant in person, we also find that a deed for execution by defendant had been forwarded to defendant's solicitor, with the expectation that it would be executed, and that notice of such execution would be given by such solicitor; that after waiting three weeks, and hearing nothing, complainant went to Pontiac, where both defendant and his solicitor resided, and, first calling upon the solicitor, there learned that the deed had not been executed; that the said solicitor informed complainant that he would notify defendant to be at his office in the afternoon, and try to have him there at that time; that, in the afternoon, complainant again went to the

office of said solicitor, and was then and there prepared to pay over to defendant the amount due under the decree; that defendant did not appear, but in his stead came William H. Osmun, Jr., a son of the defendant, and a man of mature years, who informed complainant, in the presence of said solicitor, that his father was not well, and would not come out in the storm, and, at the same time and place, stated that his father would not sign the deed unless receipts were passed releasing him from all liability; that said William H. Osmun, Jr., then and there further stated that he had the matters pertaining to the property in question in his hands to settle and do with as he chose, and was ready and willing to pass receipts in full at any time, and that, if receipts were passed in full, he would have his father sign the deed without delay; that at said interview the defendant's solicitor was present, and, in the presence of said solicitor, the said William H. Osmun, Jr., handed back to complainant the deed which had been by complainant forwarded to defendant's solicitor for execution; that, at the conclusion of said interview, complainant went to the local banks, and exchanged the drafts then in her possession for legal-tender notes, and went to the defendant's house for the purpose of making a tender, and there found the said William H. Osmun, Jr., who informed complainant that his father was not at home, but was at his daughter's, a short distance away; that complainant went to the daughter's house, and was informed there that defendant was not there; that complainant then returned to defendant's house, and, not finding defendant, made a tender of the amount due to said William H. Osmun, Jr., which said William H. Osmun, Jr., refused to accept.

The defendant denies that his son was authorized to accept any money due defendant. We find, however, that the son was authorized to state that his father would not execute the deed until he received a receipt in full of all

demands from complainant, and that this statement was made in the presence of defendant's solicitor.    We think, therefore, that complainant should be excused from the payment of interest upon the amount due after the date upon which the transactions aforesaid occurred.

It is high time that the courts were relieved of this controversy, and therefore it is ordered that the complainant pay to the register of the circuit court for the county of Shiawassee, in chancery, the sum of $7,467.79, in full of the decree herein, within 30 days from this date, and thereupon the complainant will be entitled to a final order of the said circuit court, authorizing the recording in the office of the register of deeds for the county of Shiawassee of the decree or decrees in this cause.    No costs will be awarded to either party in this proceeding in either court.

The other Justices concurred.